**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen (LR-5733)
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW DENNISON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA COMMERCIAL CREDIT, INC., HUICHUN QIN, LONG YI, JIANMIN YIN, JINGENG LING, XIANGDONG XIAO, JOHN F. LEVY,<br><br>Defendants, | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Andrew Dennison ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by CHINA COMMERCIAL CREDIT, INC. ("CCCR" or the "Company"), with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by CCCR; and (c) review of other publicly available information concerning CCCR. Plaintiff believes that

substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a class action on behalf of persons or entities that purchased or otherwise acquired CCCR securities between November 14, 2013 and July 25, 2014 inclusive, including the Company's public offering on or after May 7, 2014 (the "Class Period"). Plaintiff seeks to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act") and Securities Act of 1933 (the "Securities Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78b-1 and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. §240.10b-5, and pursuant to Sections 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77(o). Section 22 of the Securities Act provides for jurisdiction over Securities Act claims in this Court.

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and Section 22(a) of the Securities Act, 15 U.S.C. §77v(a).

4.      Venue is proper in this District pursuant to Section 27 of the Exchange Act, and 28 U.S.C. § 1391(b) and Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a). Defendants maintain their principal executive offices in this District and many of the acts, practices and transactions complained of herein occurred in substantial part in this District.

5.      In connection with the acts, conduct, and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased CCCR securities at artificially inflated prices during the Class Period and has been damaged thereby.

7.      Defendant CCCR is a financial services firm operating in the People's Republic of China ("PRC").  CCCR provides direct loans and loan guarantee services to small-to-medium sized businesses, farmers and individuals in the city of Wujiang, Jiangsu Province. During the Class Period, the Company's stock was listed on the NASDAQ under ticker "CCCR."

8.      CCCR's loan and loan guarantee business is conducted through Wujiang Luxiang Rural Microcredit Co. Ltd. ("Wujiang Luxiang"), which CCCR controls through its subsidiaries and contractual agreements.

9.      Defendant Huichun Qin ("Qin") was at all relevant times the Company's CEO and Chairman of the Board of Directors.  He is also one of the founders of Wujiang Luxiang.

10.      Defendant Long Yi ("Yi") was at all relevant times the Company's CFO and Secretary.

11.      Defendants Jianmin Yin ("Yin") was at all relevant times a director of the Company.

12.      Defendant Xiangdong Xiao ("Xiao") was at all relevant times a director of the

Company.

13.     Defendant John F. Levy ("Levy") was at all relevant times a director of the Company.

14.     Defendants Qin, Yi, Yin, Xiao, and Levy are collectively the "Individual Defendants."

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased the common stock of CCCR during the Class Period and who were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

16.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, CCCR's securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class.  Members of the Class may be identified from records maintained by CCCR or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

17.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

18.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

19.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)   whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)   whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of CCCR; and

(c)   to what extent the members of the Class have sustained damages and the proper measure of damages.

20.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## DEFENDANTS' MISCONDUCT

21.     On November 14, 2013, CCCR filed its Form 10-Q for the quarter ended September, 30, 2013 (the "2013 Q3 Report").

22.    Concerning CCCR's loan guarantee business, the 2013 Q3 Report falsely stated that: "Based on the past experience, the Company estimates the probable loss to be approximately 1% of contract amount and reviews the provision on a quarterly basis."

23.    The 2013 Q3 Report was signed by Defendants Qin and Yi.  Defendants Qin and Yi also signed the Sarbanes-Oxley Certifications accompanying the 2013 Q3 Report.

24.    On March 31, 2014, CCCR filed its Form 10-K annual report for the fiscal year ended December 31, 2013 (the "2013 10-K").

25.    The 2013 10-K again stated, concerning CCCR's loan guarantee business, that: "Based on the past experience, the Company estimates the probable loss to be 1% of contract amount and reviews the provision on a quarterly basis."

26.    The 2013 10-K was signed by Defendants Qin, Yi, Yin, Ling, Xiao, and Levy.

27.    Defendants Qin and Yi also signed the Sarbanes-Oxley Certifications accompanying the 2013 10-K.

28.    Defendant Qin also falsely touted the low risk of CCCR's loan guarantees to the media.  Qin was quoted in a February 18, 2014 Forbes article as saying that "[highly risky loans] among microcredit companies [in China] are not widespread.

29.    On May 7, 2014 CCCR filed a registration statement with the SEC for in connection with a public offering of stock and warrants.  The registration statement was declared effective on May 7, 2014 and the final prospectus was filed with the SEC on May 9, 2014.  The registration statements and prospectus are collectively referred to herein as the "Offering Documents."

30.     The Offering Documents were issued for the CCCR's offering of 1,650,386 shares of common stock at $3.99 share, sold together with a warrant immediately exercisable for one half of a share of common stock at an exercise price of $5.60 per whole share.  The warrant was sold at $.01 per warrant.

31.     Total proceeds to CCCR before expenses was $6.139 million.

32.     The Offering Documents incorporated CCCR's false 2013 10-K, rendering the Offering Documents materially false..

33.     On July 25, 2014, CCCR issued a press release (the "7/25/2014 Press Release") which revealed the bleak nature of CCCR's loan guarantee business.

34.     The 7/25/2014 Press Release stated that: (1) CCCR had paid out $5.4 million in loan guarantees in the First Quarter of 2014, and had received only $0.7 million in cash and $2.1 million in one-year notes from the borrowers, and (2) CCCR had paid out $3.7 million in loan guarantees in the Second Quarter of 2014, of which it had only recovered $1.1 million, and converted $1.6 million of it to one-year notes.

35.     On this adverse news, CCCR's stock price fell by $1.20, or 32%.

**Applicability of Presumption of Reliance:**

**<u>Fraud-on-the-Market Doctrine</u>**

36.     At all relevant times, the market for CCCR's common stock was an efficient market for the following reasons, among others:

(a)     CCCR's stock met the requirements for listing, and is listed and actively traded on the Nasdaq, both highly efficient and automated markets;

- 7 -

(b)     During the class period, on average, over several hundreds of thousands of shares of CCCR stock were traded on a weekly basis, demonstrating a very active and broad market for CCCR stock and permitting a *very strong* presumption of an efficient market;

(c)     As a regulated issuer, CCCR filed periodic public reports with the SEC.

(d)     CCCR regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

(e)     Numerous NASD member firms were active market-makers in CCCR stock at all times during the Class Period;  and

(f)     Unexpected material news about CCCR was rapidly reflected and incorporated into the Company's stock price during the Class Period.

37.     As a result of the foregoing, the market for CCCR's common stock promptly digested current information regarding CCCR from all publicly available sources and reflected such information in CCCR's stock price.  Under these circumstances, all purchasers of CCCR's common stock during the Class Period suffered similar injury through their purchase of CCCR's common stock at artificially inflated prices, and a presumption of reliance applies.

## FIRST CLAIM

### Violation of Section 10(b) Of

### The Exchange Act Against and Rule 10b-5 Promulgated Thereunder

### Against All Defendants

38.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39.     This claim is brought against all Defendants.

40.     During the Class Period, Defendants carried out a plan, scheme and course of conduct that was intended to and, throughout the Class Period, did: (1) deceive the investing public, including plaintiff and other Class members, as alleged herein; and (2) cause plaintiff and other members of the Class to purchase CCCR's common stock at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

41.     Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's common stock in an effort to maintain artificially high market prices for CCCR's common stock in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.  All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

42.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of CCCR as specified herein.

43.     These Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of CCCR's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about CCCR and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of CCCR's common stock during the Class Period.

44.     Each of the Defendants' primary liability, and controlling person liability, arises from the following facts: (1) the individual defendants were high-level executives, directors, and/or agents of the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of these defendants, by virtue of his or her responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (4) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

45.     Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them.   Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly.

46.     As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of CCCR's common stock was artificially inflated during the Class Period.  In ignorance of the fact that market prices of CCCR's publicly-traded common stock were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the common stock trades, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclose in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired CCCR common stock during the Class Period at artificially high prices and were or will be damaged thereby.

47.     At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding CCCR's financial results, which were not disclosed by defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their CCCR common stock, or, if they had acquired such common stock during the Class Period, they would not have done so at the artificially inflated prices that they paid.

48.     By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

49.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's common stock during the Class Period.

50.     This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CLAIM

### Violation of Section 20(a) Of The Exchange Act

### Against the Individual Defendants

51.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

52.     By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness and/or intimate knowledge of the misleading statements disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the primary violator, including the content and dissemination of the various statements that plaintiff contends are false and misleading.  In particular, each defendant had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

53.     As set forth above, CCCR violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

54.     By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

55.     This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

## COUNT III

### Violation Of Section 11 Of The Securities Act
### Against CCCR

56.     Plaintiff repeats and realleges each and every allegation contained above.  This Count is asserted against CCCR.

57.     This count is predicated upon CCCR's strict liability for making false statements of material fact in the Registration Statement and Prospectus (collectively "Offering Documents").

58.     CCCR were sellers, offerors, and/or solicitors of the purchasers of the common stock offered pursuant to Offering Documents.  CCCR issued or caused to be issued the Offering Documents in connection with the Offering.

59.     The Offering Documents contained untrue statements of material fact.  CCCR's actions included soliciting Plaintiff and the Class by means of these CCCR's participation in the preparation of the false Offering Documents. CCCR is the registrant for the Offering.

60.     Plaintiff and the other members of the Class did not know, nor could they have known, of the untruths or omissions contained in the Offering Documents.

61.     This claim is brought within one year after discovery of the untrue statements and omissions in the Offering Documents and within three years of the effective date of the Offering Documents.

62.     By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages from CCCR.

## COUNT IV

### Violations Of Section 15 Of The Securities Act
### Against Individual Defendants

63.     Plaintiff repeats and re-alleges each and every allegation contained above.

64.     This count is asserted against the Individual Defendants, each of whom was a control person of CCCR at the time of the Offering.

65.     For the reasons set forth above in the Third Count, CCCR is liable to Plaintiff and the members of Class who purchased CCCR securities in the Offering based on the untrue statements of material fact contained in the Registration Statement and Prospectus, pursuant to Section 11 of the Securities Act, and were damaged thereby.

66.     The Individual Defendants were control persons of CCCR by virtue of, among other things, their power and influence and exercised the same to cause CCCR to engage in the acts described herein; their positions as senior officers of the Company; their day-to-day control of CCCR's business affairs; their responsibility or control over the contents of the Registration Statement and Prospectus; and/or their control over the inaccurate statements of material fact contained in the Registration Statement and Prospectus.

67.     None of the Individual Defendants made reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and

Prospectus were accurate and complete in all material respects.  Had they exercised reasonable care, they could have known of the material misstatements alleged herein.

68.    This claim was brought within one year after the discovery of the untrue statements and omissions in the Registration Statement and Prospectus and within three years after CCCR securities were sold to the Class in connection with the Offering.

69.    By reason of the misconduct alleged herein for which CCR is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as CCCR pursuant to Section 15 of the Securities Act.

**WHEREFORE**, plaintiffs pray for relief and judgment, as follows:

(A)    Determining that this action is a proper class action, certifying plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure and plaintiff's counsel as Lead Counsel;

(B)    Awarding compensatory damages in favor of plaintiffs and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(C)    Awarding plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(D)    Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:        August 6, 2014            Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**


                                        /s/ Laurence Rosen
                                        Laurence Rosen (LR-5733)
                                        609 W. South Orange Avenue, Suite 2P
                                        South Orange, NJ 07079
                                        Tel: (973) 313-1887
                                        Fax: (973) 833-0399
                                        Email: lrosen@rosenlegal.com

                                        Counsel for Plaintiff

# Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against China Commercial Credit, Inc.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The China Commercial Credit, Inc.. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

| | |
|---|---|
| **First name:** | Andrew |
| **Middle initial:** | K |
| **Last name:** | Dennison |
| **Address:** | redacted |
| **City:** | |
| **State:** | |
| **Zip:** | |
| **Country:** | |
| **Facsimile:** | |
| **Phone:** | |
| **Email:** | |

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Type of Security | Buy Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 07/08/2014 | 297 | 3.92 |

7. I have not served as a representative party on behalf of a class under the federal security laws during the last three years, except if detailed below. [ ]

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate:          **YES**

**Certification for Andrew Dennison (cont.)**

By clicking on the button below, I intend to sign and execute
this agreement and retain the Rosen Law Firm, P.A. to
proceed on Plaintiff's behalf, on a contingent fee basis.          **YES**

Signed pursuant to California Civil Code Section 1633.1, et seq. - and the Uniform Electronic
Transactions Act as adopted by the various states and territories of the United States.

Date of signing: 07/30/2014